Cunningham, Appellant, *v.* Joseph Horne Company.

Argued October 4, 1961. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen and Alpern, JJ.

*Alan N. Bloch,* with him *Wirtzman, Silkov and Love,* for appellants.

*Jack W. Plowman,* with him *Rose, Houston, Cooper and Schmidt,* for appellees.

*Gustav M. Berg,* for appellee.

OPINION BY JUSTICE ALPERN, December 29, 1961:

This case involves the doctrine of election of remedies as applied to litigation in the field of "products liability," an increasingly important part of the negligence field. The court below sustained the defendants' preliminary objections to an action in assumpsit for breach of warranty on the ground of the pendency of a prior action, a trespass suit filed by the same plaintiffs arising out of the same accident. While alternative remedies were concededly available to the plaintiffs, the court held that an election could not be deferred until trial. The effect of the court's ruling is to require an election at the time of suit.

The accident which gave rise to the litigation occurred on December 25, 1958, when a flashlight storage battery, which was being inserted into an electrically operated toy, exploded in the hands of the woman plaintiff, causing particles to strike and injure her face and eyes. The battery had been purchased for the use made of it from Joseph Horne Company and had been manufactured and distributed by the other defendants.

Plaintiffs filed a complaint in trespass in the Court of Common Pleas of Allegheny County at No. 3484 July Term, 1959, alleging negligence. The defendants filed an answer to the trespass action denying liability.

The plaintiffs filed an action in assumpsit for breach of warranty against the same defendants at No. 3485 July Term, 1959. The defendants filed pre-

liminary objections to the assumpsit action, raising the pendency of the prior action in trespass.[1] The court below dismissed the complaint in assumpsit because of the pendency of the trespass action. The decision is far-reaching since it requires plaintiffs to make an election at the pleading stage rather than at the trial stage.

It has been established practice for a buyer who has sustained injuries as the result of a product purchased to proceed against the seller in trespass for damages and against the manufacturer for breach of warranty. The buyer in a situation of this type has understandable difficulties in ferreting out the cause of the explosion. The plaintiffs sought to utilize all available consistent remedies. Because of the difficulties inherent in this type of litigation, cumulative consistent remedies should enable the plaintiff to determine the proper theory of the case before trial.

The argument of multiplicity of suits advanced by the seller and manufacturer ignores the difficulties of the purchaser in our modern market place. The seller, through the manufacturer, can ascertain the basic facts quickly and prepare a defense more readily than the buyer. No genuine hardship is imposed upon the manufacturer by reason of the filing of one suit for negligence and another for breach of warranty, since the manufacturer is fully aware of the nature of its product and can prepare for trial.

Under present rules, assumpsit and trespass cannot be joined in the same complaint as alternative remedies. Separate actions must be filed. In the

[1] The answers of the defendants, Ray-O-Vac Company and Joseph Horne Company, to the *trespass* action are erroneously inserted in the record at pp. 10a to 14a as the answers in the assumpsit action. The only pleading in the assumpsit action filed by the defendants was the preliminary objections raising pendency of a prior action.

case at bar the plaintiffs have proceeded on two fronts, negligence and warranty. These are not inconsistent remedies. They are consistent cumulative remedies.

Rule 1001 of the Pennsylvania Rules of Civil Procedure, 1 Goodrich-Amram, §1001-3 (1956), does not indicate that the doctrine of election of remedies becomes applicable upon the filing of a suit based upon a particular theory. The existence of a cause of action upon which both assumpsit and trespass lie, allows a plaintiff to pursue two separate actions.

The court below concluded that the suit in assumpsit was identical with the prior suit in trespass (20a) : "The complaint filed in this assumpsit action identifies the parties and describes the accident in exactly the same language as is used in the complaint in trespass. The injuries suffered by the wife-plaintiff are the same in both cases. The damages set forth and the relief requested in each case are the same. Indeed, the portions of the complaint in assumpsit agree verbatim with the corresponding parts of the complaint in trespass. *The only difference occurs when the specific acts of negligence are pleaded in the trespass action and the breaches of warranty pleaded in the assumpsit action.*" (Italics supplied). The conclusion of the court below ignores the fundamental differences in the nature of the proof required in a trespass action and in an assumpsit action based upon breach of warranty.

The court relies on *Dickerson v. Dickerson Overseas Co.*, 369 Pa. 244, 85 A. 2d 102 (1952), which laid down the principle that a plaintiff cannot maintain two separate actions against the same defendant which involve the prosecution of the same cause of action for the same relief. The case holds that this rule applies where the actions are identical in these particulars : (a) The cause of action must be the same; (b) The parties must be the same; (c) The rights asserted must be the same; (a) The relief prayed for

in each case must be the same. In applying these tests, the court concluded erroneously that the tests laid down were met in the case at bar (21a): "A comparison of the pleadings filed in the trespass action at No. 3484 July Term, 1959, and the case at bar reveals without doubt that the parties to the actions and the relief prayed for in both cases are identical. The rights asserted in each are the same, the seeking of redress for personal injuries."

Patently, the cause of action, the rights asserted, and the relief prayed for, are not the same. There is no unity of remedy. The only identical thing is the parties. By gliding over the differences, the court construed the actions to be identical, and sustained the preliminary objections on the ground of the pendency of the trespass action.

The same question presented by the instant case arose in the case of *Evans v. American Stores Co.,* 3 Pa. D. & C. 2d 160 (1955). In that case, the common pleas court of Philadelphia sitting en banc came to the conclusion that the plaintiff had a right to pursue both assumpsit and trespass and that the argument of the defendant that it was being harassed by a multiplicity of suits was without merit. The court stated: "Lis pendens of the assumpsit action does not apply to bar the trespass action because the unity of remedy is not present . . . The remedy in assumpsit is not identical with that in trespass. We see no reason to deny plaintiff the right to pursue both remedies at this time." The court concluded that under present rules pleadings of alternative causes of action were permissible and that the parties did not have to elect at that stage of the proceedings: "Under present rules assumpsit and trespass cannot be joined in the same complaint, but the rules do allow the pleading of alternative causes of action and defenses . . . It is unreasonable to require that plaintiff in a proper

case where both assumpsit and trespass will lie must select one and forego the other."

As a general rule, a plaintiff may have as many remedies as the law provides. No election is required before trial where the remedies sought are wholly consistent. *Nuside Metal Products, Inc. v. Eazor Express, Inc.,* 189 Pa. Superior Ct. 593, 152 A. 2d 275 (1959); *Harper v. Quinlan,* 159 Pa. Superior Ct. 367, 48 A. 2d 113 (1946).

If the assertion of one mode of remedy involves the negation of the other, as where one of them admits a state of facts and the other denies the same facts, an election can be required. Under existing applicable rules, a plaintiff in a case where both assumpsit and trespass lie need not select one before trial.

The case of *Jones v. Boggs and Buhl,* 355 Pa. 242, 49 A. 2d 379 (1946), involving the question of the circumvention of the statute of limitations by the filing of a suit in assumpsit as well as trespass, is not applicable to the case at bar, nor are the cases involving res adjudicata.

The plaintiffs conceded that a final judgment on the merits of either of the cases would bar further proceedings on the other. There has been no trial and there is no judgment.

The order of the court below sustaining the preliminary objections of the defendants and dismissing the complaint in assumpsit filed at No. 3485 July Term, 1959 is reversed with a procedendo.