Gardiner, Appellant, *v.* Philadelphia Gas Works.

Argued November 14, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 28, 1964.

*Michael Iannuzzi,* with him *Shein and Berlant,* for appellants.

*Harold E. Kohn,* with him *Jacob Kalish,* and *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellee.

OPINION BY MR. JUSTICE JONES, January 21, 1964:

This assumpsit action was instituted by Betty E. Gardiner and Henry G. Gardiner, her husband (Gardiners), in the Court of Common Pleas of Philadelphia County against the Philadelphia Gas Works (Gas Works), for an alleged breach of "agreement, warranty and promise." In their complaint, Gardiners averred a month-to-month oral agreement with the Gas Works for the sale by the latter of gas; that the Gas Works, impliedly and expressly, warranted that the gas would be transmitted to Gardiners in a safe manner through an underground conduit maintained by it; that the Gas Works was careless and negligent in (a) allowing the gas to escape from its underground conduit into Gardiners' home and (b) permitting the gas conduit to become and remain in a defective and broken condition; that, as a result of the escape of gas, Gardiners sustained personal injuries.

Allegedly, Gardiners' injuries were sustained on January 7, 1961 and their assumpsit action was not commenced until January 15, 1963—two years and eight days after the alleged "injury was done". The

Gas Works filed preliminary objections to the complaint, averring that, on the face of the complaint, the action was barred by the two-year statute of limitations imposed by the Act of 1895[1] for injuries wrongfully done to the person. Court of Common Pleas No. 4 of Philadelphia County sustained the preliminary objections and entered an order dismissing the complaint. From that order Gardiners have appealed contending that the four-year period of limitations contained in §2-725 of the Uniform Commercial Code (Code),[2] is controlling.

Prior to the enactment of the Code, it was held in this Commonwealth that the two year period of limitations imposed by the Act of 1895, supra, governed *all* actions for damages for personal injuries, whether arising out of contract or tort: *Jones v. Boggs & Buhl, Inc.,* 355 Pa. 242, 49 A. 2d 379; *Rodebaugh v. P. T. C.,* 190 Pa. 358, 42 A. 953; *Bilk v. Abbotts Dairies, Inc.,* 147 Pa. Superior Ct. 39, 23 A. 2d 342.

In *Jones,* supra, the buyer of a coat with a fur collar brought an assumpsit action for breach of a contract of sale claiming damages (a) for personal injuries arising from a painful skin disease acquired from the fur collar and (b) for the return of the down payment made on the purchase price of the coat. As to the claim for personal injuries, the Court held such claim was barred by the statute of limitations imposed by the Act of 1895 but, as to the claim for return of the down payment, the Court held such claim was not barred by the Act of 1895. At first blush, the result in *Jones* might appear anomalous, i.e., the application of different statutes of limitations to the same breach of contract. However, a reading of *Jones* clearly reveals its sound rationale, i.e., that the express language of the

---

[1] Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34.

[2] Act of April 6, 1953, P. L. 3, §2-725, as amended, 12A P.S. §2-725.

Act of 1895 should not be avoided or circumvented and that "courts should not extend that time [the two-year limitation under the Act of 1895] by allowing a party to keep alive the right to sue by electing to sue in one form of action [assumpsit] instead of another [tort]": *Jones*, p. 246.

Section 10-103 of the Code, 12A P.S. §10-103, provides that ". . . all acts and parts of acts are repealed in so far as they are inconsistent herewith". Resolution of the present issue depends upon whether the Act of 1895 is inconsistent with §2-725 of the Code, 12A P.S. §2-725, so that §2-725 operates as a repeal of the Act of 1895 insofar as the latter act governs actions for personal injuries arising out of breaches of warranty.

Even though the most superficial reading of both the Act of 1895 and §2-725 of the Code reveals a clear inconsistency,[3] it is not on that ground alone we bottom our decision. The legislature, in the Statutory Construction Act, §51,[4] has instructed us that "[t]he object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature". Pursuant to such instruction we have examined not only the language of §2-725 and other sections of the Act but we have considered the basic purposes underlying the promulgation of the Code itself. In §2-715 of the Act of October 2, 1959, P. L. 1023, 12A P.S. §2-715 (which amended the Code), it is provided that: "(2) Consequential damages resulting from the seller's breach include . . . (b) injury to person . . . proximately resulting from any breach of warranty."

---

[3] Section 2-725 of the Code provides: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . ." Section 2 of the Act of 1895 provides: "Every suit hereafter brought to recover damages for injury wrongfully done to the person . . . must be brought within two years from the time when the injury was done and not afterwards":.

[4] Act of May 28, 1937, P. L. 1019, §51, 46 P.S. §551.

In §1-102 of the Code, 12A P.S. §1-102, the legislature has directed a liberal construction of the Code to promote "its underlying purposes and policies", i.e., simplification and modernization in the rules of "law governing commercial transactions" and uniformity of "the law among the various jurisdictions". In connection with the latter, it may be noted that, although the rule enunciated prior to the enactment of the Code in *Jones* was that recognized in the majority of jurisdictions, there were several important jurisdictions in which the contrary obtained.[5]

Under the comment to §2-725[6] it is stated that, in line with the purpose to "introduce a uniform statute of limitations for sales contracts", this Section "takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice". Under the Pennsylvania Bar Notes to this Section it is stated, inter alia: "The four year period under the Code changes prior law" noting that there had been a limitation of 6 years on contract actions, a limitation of 2 years on personal injury actions and making reference to the ruling in *Jones*.

In this Commonwealth we have always recognized that a personal injury claim based upon a breach of warranty is a distinct claim from a personal injury claim based on negligence: *Cunningham v. Joseph Horne Co.*, 406 Pa. 1, 176 A. 2d 648; *Loch v. Confair*, 361 Pa. 158, 162, 63 A. 2d 24; *Bonenberger v. Pittsburgh Mercantile Co.*, 345 Pa. 559, 561, 28 A. 2d 913. Under such circumstances, a holding that §2-725 controls in this instant situation will effect no change in the substantive law of the Commonwealth.

---

[5] See: 37 A.L.R. 2d 703.

[6] The Comments are those of the National Conference of Commissioners on Uniform State Laws and The American Law Institute.

Bearing in mind the language of §§2-725, 2-715 and 1-102 and the basic purposes underlying passage of the Code and the need for uniformity in this area of the law, we have no hesitancy in construing §2-725 to mean exactly what its language says. Furthermore, in departing, due to the language of the Code, from the rule enunciated in *Jones,* we are mindful that §91 of the Statutory Construction Act mandates that "whenever a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal pre-existing local or special laws on the same class of subjects."

This appeal presents a question of first impression in the appellate courts of this Commonwealth.[7] Our examination of §§2-725, 2-715 and 1-102 and the background of the Code indicates that it was the legislative intent that there be a four year period of limitation on all actions for breach of contracts for sale,[8] irrespective of whether the damages sought are for personal injuries or otherwise.

Order reversed. Costs on Gas Works.

---

[7] See, however: *Engelman v. Eastern Light Co.*, 30 Pa. D. & C. 2d 38 which reaches the same result herein reached.

[8] It is undisputed that the supplying of gas to Gardiners' home on a month-to-month basis falls within the definitions of a "contract for sale" or "sale" within §2-106 of the Code, 12 P.S. §2-106.