MATLACK, INC., Plaintiff,

v.

BUTLER MANUFACTURING COMPANY, Defendant,

v.

HUPP CORPORATION, Additional Defendant.

Civ. A. No. 37439.

United States District Court
E. D. Pennsylvania.

May 4, 1966.

---

Arthur R. Littleton, Morgan, Lewis & Bockius, Philadelphia, Pa., for plaintiff.

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendant and third-party plaintiff Butler Mfg. Co.

Oliver C. Biddle, Philadelphia, for third-party defendant Hupp Corp.

WOOD, District Judge.

This is a motion for summary judgment under F.R.Civ.P. 56 brought by defendant Butler Manufacturing Company on the grounds that the plaintiff's claim is barred by the applicable statute of limitations and that the complaint fails to state a claim upon which relief can be granted.

In 1960 plaintiff Matlack, Inc. purchased 50 cement carrying trailers from defendant, Butler Manufacturing Company. Hercules CV 4–180 gasoline engines were to be placed on the trailers in order to drive the unloading mechanism. Plaintiff alleges that shortly after delivery of the initial trailer, numerous defects arose in the Hercules engines causing it to expend money to repair, modify, replace and improve the engines and equipment damaged by the malfunctioning of the said engines.[1]

Matlack filed a complaint against the manufacturer of the engines (Hupp Manufacturing Co.) on March 12, 1964, and a complaint against Butler on February 11, 1965. In the instant action, plaintiff demands judgment because of negligent design and breach of warranty. Butler's motion to dismiss the complaint was denied by Chief Judge Clary on January 27, 1966, without prejudice stating that a motion for summary judgment would be more appropriate to decide this case since affidavits and other material extraneous to the pleadings were necessary.

Matlack is a Pennsylvania corporation having its principal place of business in Pennsylvania. Butler is a corporation organized and doing business under the laws of the State of Missouri and having a local place of business in West Chester, Pennsylvania. The purchase order, signed by Matlack on March 29, 1960,

was subject to acceptance by Butler in some state other than Pennsylvania and we presume was so accepted in Minnesota, although there is no evidence of such on the record. On July 12, 1960, a representative of Butler accepted in Minnesota a conditional sales contract with Matlack.

Plaintiff has filed in this case with its brief a series of documents extending from A to H which we took into account. Plaintiff was also permitted to file an affidavit of William J. Grannetino although filed after the argument. F.R. Civ.P. 56(f) provides:

> "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court * * may order a continuance to permit affidavits to be obtained * * * or may make such other order as is just."

Although plaintiff's excuse that the affiant was in Northampton, Pennsylvania, and could not come to Philadelphia to sign his affidavit is rather a weak excuse, we allowed Matlack to file an additional affidavit within 5 days of the hearing in the interests of substantial justice and since plaintiff had submitted an affidavit by another person who gave the facts which he had received from Grannetino by telephone. Moreover, we had extended the time for Matlack to file its brief up to one day of the argument because of counsel's other pressing engagements.[2]

Summary judgment is to be granted to a party if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that

---

1. In 1959, Matlack ordered 289 cement trailers from Fruehauf Trailer Co., Inc., specifying that said trailers should be equipped with Hercules CV 4–180 aircooled engines manufactured by Hercules Motor Co., the predecessor of Hupp. Fruehauf has been sued by Matlack in Civil Action No. 38387.

2. The Court in Robin Construction Company v. United States, 345 F.2d 610 (3rd Cir. 1965) when referring to Rule 56(f) was dealing with a situation where no affidavits had been filed by one of the parties even belatedly but where one party rested on the complaint.

the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56. The court's function is to determine whether a genuine issue exists for trial and not to resolve disputed issues of fact. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Any reasonable doubt as to the facts should be resolved against the movant necessarily, since a trial is absolutely essential where there is a disputed issue of fact.

## I. STATUTE OF LIMITA-
## TIONS

■ Defendant's first argument is that plaintiff's claim is barred by the four-year statute of limitations applicable in Pennsylvania to all actions for breach of any contract for sale. The parties have agreed that the controlling statute of limitations is that of Pennsylvania, as they must. See Wilt v. Smack, 147 F.Supp. 700, 702 (E.D.Pa. 1957). The Code provides in 12A Pa. Stat. tit. Section 2–725:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

This complaint was filed four years, five months and eleven days after delivery of the last trailer involved even under plaintiff's version of the delivery date.[3] Therefore, unless the exception to the statute applies, plaintiff's claim is barred.

Taliaferro, the Secretary of Butler referred to in footnote 3 in the same af-fidavit, stated that Matlack "discovered all alleged defects, failures and mechanical problems in the Hercules CV 4–180 Engines, about which it complains in said Civil Action No. 37439, before December 6, 1960." While this would dispose of the instant question, we must disregard this part of the affidavit, since it does not appear to have been made on "personal knowledge." It does not at all seem likely to us that the Secretary of Butler would know whether Matlack had discovered all defects before a certain time or not. Thus, the question still remains whether there was a warranty of future performance given by Butler.

Matlack has presented several documents and one affidavit with its brief attempting to show a warranty of future performance explicitly extended to it. None of the instances cited by plaintiff shows us that such a warranty was explicitly extended to it.

The instances cited are as follows:

1. A demonstration by Butler of a pilot trailer equipped with a modified Hercules—M–D combination for Matlack personnel.

2. A letter from Butler indicating that it proposed to furnish a CV 4–180 Hercules engine.

3. A letter suggesting to Matlack that Butler units were equipped with pumping capacities second to none.

4. Butler's specification of November 30, 1959, indicating a proposed use of the Hercules engine.

5. A letter from Hupp to Butler indicating certain inquiries made by Butler.

■ None of these instances present circumstances indicating that Butler explicitly warranted any future performance of the engines. In fact, it is doubtful whether Butler warranted anything at all in these instances which would be of contractual significance.

3. An affidavit by H. Monroe Taliaferro, Jr., Secretary of Butler, states that the last shipment of 50 Butler cement trailers ordered by Matlack was shipped by Butler to Matlack on July 8, 1960.

Moreover, both from the purchase order and the conditional sales contract, it appears that Matlack was given little if anything in the way of warranties. In the former document, the last sentence states: "This paragraph sets forth the only guarantee upon which a Transport sale is made." The guarantee reads as follows:

"The seller guarantees for a period of three months from the date of shipment to correct * * * any defect in the material or workmanship in any part of a Transport manufactured by Butler, * * *."

The latter document explicitly states that "This instrument constitutes the entire agreement." Neither form lends much weight to plaintiff's allegations.

## II. NEGLIGENCE CLAIM

Plaintiff contends that his action for negligence remains intact despite the disposition of the warranty claim. Defendant on the other hand argues that this element of the complaint is barred for two reasons: (1) the applicable statute of limitations is that of the Code; (2) there was no negligence as a matter of law since Butler had no part in designing the engine.

The statute applicable to an action for damage to property due to negligence is the six-year limitation of Pa.Stat. tit. 12 § 31. Butler claims that court interpretations of the Code period precludes reliance on the general statute, relying on Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964). In Gardiner, the Supreme Court held that all actions involving a contract for the sale of goods, including actions involving personal injuries are subject to the four-year limitation period of the Code. From this, defendant deduces that any injury which arises out of a commercial transaction is governed by the Code limitation.

■ The Court in Gardiner reasoned that Section 2–725 of the Code was meant to apply a uniform statute of limitations to all action for breach of a sales contract. However, the holding was limited to contract cases and has no application to causes of action in negligence, regardless of source of duty to the plaintiff which leads to liability. In fact, the Supreme Court of Pennsylvania has held that one who has been injured as the result of a defectively manufactured product may properly institute an action of trespass based upon negligence and a separate action of assumpsit for breach of warranty. Cunningham v. Joseph Horne Co., 406 Pa. 1, 176 A.2d 648 (1961). It seems clear that if one cause of action is barred for some reason, it does not necessarily affect the other. The Gardiner case considered only contract actions and does not affect this case.

■ Despite efforts by plaintiff to confuse the issues by suggesting that Butler had some part in design of the engines, it is clear both from Taliaferro's affidavit and from the lack of any evidence on Matlack's part that Butler cannot be held liable for negligent design of the engines per se. However, it is also clear that Butler's employees did mount the engines on the trailers and may very well have been negligent in performance of this duty even though done at the behest of Matlack. Since we have no facts on which to find either way, and since in any event summary judgment should be denied where issues of negligence are involved, movant has not carried his burden of showing that there is no reasonable controversy as to a material fact on this issue and summary judgment is precluded.

For the purposes of determining whether there was a warranty of future performance made by Butler, we did not rely on the complaint filed by Matlack in a companion case against Hupp (Civil Action No. 35317). Therein, Matlack alleged that Hupp warranted that the Hercules engine would meet its cement trailer unloading requirements and in reliance thereon purchased trailers with the engines equipped thereon. While it may appear at first blush to be overly technical to say that the complaint in Civil Action No. 35317 is not on file in this case, the point is that Matlack may

no longer wish to pursue that action or may no longer rely on the version of the allegations therein. For the very same reasons we have not considered the third-party complaint filed against Hupp by Butler in this case. If Butler wishes to take alternate positions, it may do so at least until facts are presented which challenge its ambivalent position.

Defendant argues finally that the complaint fails to state a claim for breach of warranty since by various documents it has shown that plaintiff's allegation of breach of warranty of fitness will not lie and any warranty of fitness was expressly excluded by Butler and the exclusion accepted by plaintiff. Since we have disposed of any warranty claims on the basis of the statute of limitations, we refrain from ruling on this theory of the defendant's motion.

## ORDER

And now, this 4th day of May, 1966, it is ordered that partial summary judgment be entered in favor of defendant as against plaintiff on the breach of warranty claim under the contract and further that summary judgment be denied on the negligence claim as elucidated in the briefs and opinion.