## Ward v. Mabro Company

*Arthur Tonozzi* and *John R. Hoye, Jr.,* for plaintiffs.
*Coldren & Adams,* for defendant.

FEIGUS, J., July 9, 1974.—This matter is before the court en banc upon defendant's motion for judgment on the pleadings. Plaintiffs' complaint in assumpsit filed on October 24, 1973, makes claim for breach of contract entered into on June 6, 1968, providing for the installation of an oil furnace with blower (equivalent to 125,000 B.T.U. gas), and to provide sufficient heat outlets and cold air outlets to heat every room except the bathroom. The complaint further contains an averment that a furnace producing only 105,000 B.T.U. was installed. Defendant's answer and new matter contains an admission that a 105,000 B.T.U. furnace was installed, and an assertion that the contract was for the sale of a furnace and that the four-year statute of limitations under the Uniform Commercial Code barred the action. Plaintiff filed an (sic) answer to new matter denying that the statute of limitations barred the action.

If the instant contract were to be construed solely as a sale of goods, we are satisfied that the four-year statute of limitations would be applicable under the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, as amended, 12A PS §2-725; Rufo v. The Bastian-Blessing Co., 417 Pa. 107; Gardiner v. Philadelphia Gas Works, 413 Pa. 415; 1 Uniform Laws Annotated (Uniform Commercial Code), West—Master Ed., §2-725. However, it appears that installation services, including provision for proper duct work, may be an essential feature of the contract. In our view, the six-year statute of limitations is normally applicable to negligent performance of construction work as distinguished from a mere sale of goods under a contract not under seal: Lekovicz v. Gobbie, 91 Pa. Superior Ct. 33; York Heating & Vent. Co. v. Flannery, 87 Pa.

Superior Ct. 19; Robert E. Lamb, Inc. v. Delaware Pipe Fabricators, Inc., 42 D. & C. 2d 461; Victor v. Barzaleski, 19 D. & C. 2d 698; Matlack Inc. v. Butler Mfg. Co., 253 F. Supp. 972; Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31; Act of December 22, 1965, P. L. 1183, sec. 1, 12 PS §65.1. Moreover, the facts and circumstances to be developed at trial may be determinative of the date the statute begins to run: Gardiner v. Philadelphia Gas Works, supra; E. C. Machin, Inc. v. American Cement Corp., 53 D. & C. 2d 334; Masi v. Pfahles, 23 D. & C. 46.

## ORDER

And now, July 9, 1974, the motion for judgment on the pleadings ex parte defendant are overruled and dismissed.