## CIRCUIT COURT OF BATH COUNTY

Lynda Sue Adkins

    v.

A. H. Robins Co., Inc.

January 17, 1977

Case No. 350

By JUDGE ROSCOE B. STEPHENSON, JR.

The court has before it, at this time, three questions for decision: (1) which statute (i.e., Code § 8-24 or Code § 8.2-725) governs the time within which suit must be instituted; (2) when did plaintiff's cause of action accrue; and (3) should any factual disputes with respect to the plea of the statute of limitations be resolved by a separate trial.

This is a suit brought by Lynda Sue Adkins (Adkins) against A. H. Robins Company, Incorporated (Robins) to recover damages for personal injuries allegedly sustained by Adkins as a result of alleged negligence and breach of warranties on the part of Robins.

Adkins's motion for judgment alleges that in May, 1973, a Dalkon Shield intrauterine contraceptive device manufactured by Robins was inserted in her uterus by Dr. Donald Myers. This device remained in her uterus until July, 1974, at which time she experienced severe pain. The device was surgically removed on July 9, 1974, and Adkins filed her motion for judgment on November 20, 1975. All

of her injuries arise out of a perforation of her uterus by the Dalkon Shield.

Adkins's motion for judgment contains eight counts. Count One alleges that Robins "negligently designed, manufactured, marketed, distributed and sold the said 'Dalkon Shield' in a defective, dangerous and unsafe condition." Count Two alleges that Robins "was negligent in failing to test, investigate, study, research and/or evaluate the said 'Dalkon Shield'." Count Three alleges that Robins "negligently failed to warn, inform, instruct and apprise the physicians of the plaintiff and the plaintiff that the insertion and placement of the 'Dalkon Shield' in the body of the plaintiff could and would cause severe and permanent injuries to the plaintiff." Count Four alleges that Robins "made implied warranties to the plaintiff that the said 'Dalkon Shield' was safe, merchantable and fit for its intended and ordinary use and for the general purposes and uses for which it was designed, manufactured, distributed, marketed and sold." Count Five alleges that Robins "made express warranties to the medical profession, the physicians of the plaintiff, and to the plaintiff that the said 'Dalkon Shield' was safe and could be used with safety and that it was fit for the particular purposes for which it was designed, manufactured, marketed, distributed and sold." Count Six alleges that the "Dalkon Shield" was designed, manufactured, marketed, distributed and sold "in a defective condition unreasonably dangerous to the plaintiff." Count Seven alleges that Robins violated certain Federal and State statutes. And Count Eight alleges that Robins was guilty of gross, reckless, willful and wanton negligence.

Robins asserts that it will prove by competent expert testimony, "that all uterian perforations in general and the perforation of plaintiff's uterus in particular occur at the time of insertion; perforations with the Dalkon Shield cannot occur at any other time." Defendant's memorandum, pp. 2, 3. Adkins, on the other hand, "intends to adduce by competent expert medical testimony that *all* uterian perforations do not occur at the time of insertion and that the perforation of the uterus of Mrs. Adkins most probably did not occur at the time and that uterian perforations *can* occur subsequent to the time of inser-

tion." Plaintiff's Reply Memorandum, dated December 21, 1976, p. 2.

### The Applicable Statute of Limitations

Robins contends that the applicable statute of limitations governing this suit is Code § 8-24, which reads in relevant part:

> Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued.

Adkins, on the other hand, contends that the statute of limitations set out in the Uniform Commercial Code (Code § 8.2-725) is controlling. Section 8.2-725 reads, in pertinent part:

> (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made.

The Supreme Court of Virginia, relying upon Code Section 8-24, has held that every action for personal injuries, whether it be based upon tort or contract, must be brought within two years next after the right to bring the same shall have accrued. *Friedman* v. *Peoples Drug Store*, 208 Va. 700, 160 S.E.2d 563 (1968).

In *Friedman*, the plaintiff brought an action to recover damages for personal injuries which he allegedly sustained as a result of the defendant's failure to properly fill plaintiff's prescription for medicine. The plaintiff conceded that he was barred from bringing a tort action for personal injuries due to Code § 8-24, but he contended that he was bringing a suit for breach of warranty and therefore Code § 8-13 applied. The court rejected this

contention holding, as previously stated, that the two-year limitation applied to every action for personal injuries.

*Friedman*, however, did not involve the Uniform Commercial Code, and more specifically Code § 8.2-725. As far as this court can determine, the Supreme Court of Virginia has not yet had occasion to decide the issue presented in *Friedman* since the effective date of the Uniform Commercial Code.[1] But in *Friedman* the Court recognized the possibility of such an issue arising when it said:

> The provisions of the Uniform Commercial Code, if applicable, have no effect on the case at bar since the cause of action accrued prior to January 1, 1966, the effective date of the Act." 208 Va. at 702, 160 S.E.2d at 565.

It becomes necessary, therefore, to look to the pertinent decisions from other jurisdictions.

The highest courts in Alaska, Pennsylvania and Tennessee have held that suits to recover damages for personal injuries resulting from breach of warranties are governed by the Uniform Commercial Code (§ 2-175). *See Sinka* v. *Northern Commercial Co.,* 491 P.2d 116 (Alaska 1971); *Gardiner* v. *Philadelphia Gas Works,* 413 Pa. 415, 197 A.2d 612 (1964); *Layman* v. *Keller Ladders, Inc.,* 455 S.W.2d 594 (Tenn. 1970); *Bates* v. *Shapard,* 461 S.W.2d 946 (Tenn. 1970).

*Sinka* was an action to recover damages for personal injuries resulting from an alleged breach of warranty in the sale of a product known as "pearl kerosene." The complaint was filed more than two years after the injury. In holding that the Uniform Commercial Code's statute of limitations applied, rather than the two-year statute, the court said:

> It is plain that the sale of pearl kerosene was a sale of goods within the contemplation of the Uniform Commercial Code, that in the normal course of events express and implied warranties would attach, that it is alleged

[1] January 1, 1966.

that these warranties did attach and were breached, and that the code provides for recovery of damages proximately resulting from a breach, including damages for injury to the person. Thus, the code provides a comprehensive scheme for recovery of damages for injuries to the person resulting from a breach of a warranty. A period of four years is provided in which to bring suit for such damages. 491 P.2d at 118.

*Gardiner* also was a suit to recover personal injury damages for alleged breach of warranties respecting the sale and transmitting of gas. *Gardiner* pointed out that prior to the Uniform Commercial Code the Pennsylvania court had held that the two-year statute governed all actions for damages for personal injuries.[2] 197 A.2d at 612. Its conclusion, therefore, was in complete accord with the Virginia Supreme Court in *Friedman, supra.*

*Gardiner* further noted that § 10-103 of the Uniform Commercial Code (which is § 8.10-103 of the Code of Virginia, 1950, as amended) "provides that 'all acts and parts of acts are repealed insofar as they are inconsistent herewith'," and that the two-year statute and Section 2-725 (the four-year statute) are clearly inconsistent. 197 A.2d at 613.

After examining the basic purposes underlying the adoption of the Uniform Commercial Code and noting that Section 2-715 of the Code provides that "(2) consequential damages resulting from the seller's breach include . . . (b) injury to person . . . proximately resulting from any breach of warranty," the court in *Gardiner* concludes as follows:

> ██ In this Commonwealth we have always recognized that a personal injury claim based upon a breach of warranty is a distinct claim from a personal injury claim based on negligence: Cunningham v. Joseph Horne Co., 406

[2] Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A.2d 379; Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358, 42 A. 953; Belk v. Abbotts Dairies, Inc., 147 Pa. Super. 39, 23 A.2d 342.

Pa. 1, 176 A.2d 648; Loch et ux. v. Confair et ux., 361 Pa. 158, 162, 63 A.2d 24; Bonenberger v. Pittsburgh Mercantile Co., 345 Pa. 559, 561, 28 A.2d 913, 143 A.L.R. 1417. Under such circumstances, a holding that Section 2-725 controls in this instant situation will effect no change in the substantive law of the Commonwealth.

Bearing in mind the language of Sections 2-725, 2-715 and 1-103 and the basic purposes underlying passage of the Code and the need for uniformity in this area of the law, we have no hesitancy in construing Section 2-725 to mean exactly what its language says. Furthermore, in departing, due to the language of the Code, from the rule enunciated in Jones, we are mindful that Section 91 of the Statutory Construction Act mandates that "[w]henever a general law purports to establish a uniform and mandatory system covering a class of subjects, such law shall be construed to repeal pre-existing local or special laws on the same class of subjects."

This appeal presents a question of first impression in the appellate courts of this Commonwealth. Our examination of Sections 2-725, 2-715 and 1-103 and the background of the Code indicates that it was the legislative intent that there be a four-year period of limitation on all actions for breach of contracts for sale, irrespective of whether the damages sought are for personal injuries or otherwise. 197 A.2d at 614.

In *Layman* and *Bates* the Tennessee court was confronted with situations very comparable to those found in the case at bar. Each suit sought damages for personal injuries as a result of allegations of both negligence and breach of warranties.

In *Layman* the court said:

Accordingly, we are of the opinion that Section 47-2-725 should control in all actions wherein a breach of warranty of a contract of sale is alleged, irrespective of whether

the damages sought are for personal injuries or injuries to property. However, as to counts alleging common law negligence and strict liability, the one or three-year statutes are still applicable. 455 S.W.2d at 597.

A number of cases decided in the federal courts which construed state law are in accord with the foregoing state court decision. See *Reid* v. *Volkswagen of America, Inc.*, 512 F.2d 1294 (6th Cir. 1975), applying Michigan law; *Moody* v. *Sears, Roebuck & Co.*, 324 F. Supp. 844 (S.D. Ga. 1971), applying Georgia law; *Matlack* v. *Butler Manufacturing Co.*, 253 F. Supp. 972 (E.D. Pa. 1966), applying Pennsylvania law.

Only one case construing Virginia law has been found which deals with this question. That case is *Tyler* v. *Street*, 322 F. Supp. 541 (E.D. Va. 1971). In *Tyler* the plaintiff sought damages for personal injuries resulting from a breach of a Uniform Commercial Code warranty. The action was brought more than two years after the initial injury. The court held (opinion by Judge Merhige) that the two-year statute of limitations for personal injury (Code § 8-24) was applicable rather than Code § 8.2-725 (the four-year statute under the Uniform Commercial Code).

With all deference to the learned judge in *Tyler*, this court is compelled to reach a different conclusion. This Court's view of the question comports with the view expressed in 6 U. Rich. L. Rev. 182 (1971) which reads:

> Though the decision reached in *Tyler* may seem at first blush to be indicative of what the Supreme Court of Virginia would have held on the same facts, it is contrary to the overall purposes and express provisions of the Uniform Commercial Code.
>
> The Uniform Commercial Code, as adopted in Virginia, establishes a cause of action for breach of warranty and allows recovery for both incidental and consequential damages resulting from the breach. Consequential damages expressly include personal injury. The Code further provides a four-year statute of limitations applicable to this cause of action. Its purpose is to elimi-

nate jurisdictional variations, by introducing a uniform period of limitations into the area of sales dealt with in Article II of the Code. In light of modern business practices, four years was selected as an appropriate period within which to bring an action. The cause of action for breach of warranty to recover for personal injury under the Uniform Commercial Code is only a narrow segment carved out of the broad field of personal injury actions to which the two-year personal injury statute has been applied. Since the Code provisions applicable to breach of warranty were enacted more recently than the two-year statute, they should be held to supersede it in the limited area of breach of warranty, whether to recover damages for injury to persons or property. Otherwise, the purposes and express provisions of the Code in this area will not be effected.

Furthermore, the Code provides in Article X that all acts and parts of acts are repealed to the extent that they are inconsistent with the provisions of the Uniform Commercial Code. It is clear that the two-year personal injury statute conflicts with the four-year statute of limitations provided in the Code. Either period might be applied to an action for breach of a code warranty to recover for personal injury. Therefore, the two-year statute should be repealed insofar as it is inconsistent.

The statute of limitations for contract actions in general was construed in *Friedman* v. *Peoples Service Drug Stores, Inc.* not to be applicable to an action for breach of common law warranty to recover for personal injury. The 1964 amendment to this statute, which was enacted simultaneously with the Uniform Commercial Code, provides that where the Code four-year statute of limitations is applicable, the four-year statute should be controlling. This amendment, along with the general repealer. in Article X of the Code, requires the conclusion that the Code four-year statute should supersede

the previous state law in its applicable area. 6 U. Rich. L. Rev. 184-86.

The court, therefore, holds that with respect to those counts in the plaintiff's motion for judgment which relate to breach of warranties, Counts Four and Five, Code § 8.2-725 is applicable, and Code § 8-24 (the two-year statute of limitations) applies to all other counts of the motion for judgment which lie in tort.

### When Plaintiff's Causes of Action Accrued

Code § 8.2-725 expressly provides that "a cause of action accrues when the breach occurs" and that "[a] breach of warranty occurs when tender of delivery is made." Therefore, the four-year statute governing the counts which relate to breach of warranty, Counts Four and Five, begins to run "when tender of delivery is made," presumably in May, 1973.

Plaintiff's right to recover damages for personal injuries resulting from all other counts in the motion for judgment (i.e., those sounding in tort) accrued at the time she was injured. *Caudill* v. *Wise Rambler*, 210 Va. 11, 168 S.E.2d 257 (1969). As indicated earlier, Robins contends Adkins was injured in May, 1973, and Adkins contends she was injured within two years from the time she filed suit. Therefore, this is a factual issue which a jury must resolve under proper instructions.

### The Issue Respecting a Separate Trial

Since the plea of the statute of limitations is overruled as to the causes of action for alleged breach of warranties, the court concludes that a separate trial to determine when the negligence causes accrued would be impracticable. Therefore, this issue will be resolved at trial upon the merits which has been scheduled to begin May 10, 1977. Had the court decided that the two-year statute applied to all counts in the motion for judgment, a separate trial would have been ordered.