## Rush v. UGI Corporation

*J. Bruce Walter*, for plaintiffs.
*James K. Thomas, II*, for defendant.

SHEELY, *J.*, September 28, 1979—Plaintiffs, A. Ralph and Mercedes E. Rush, instituted the present action against defendant UGI Corporation by filing a complaint in assumpsit and trespass on September 15, 1978. In the complaint, plaintiffs seek damages for personal injuries sustained as a result of an alleged gas explosion on January 8, 1978,

which destroyed their residence at 715 Sherwood Drive, New Cumberland, Pa. Plaintiffs allege that the explosion was caused by a leak in a gas line of UGI Corporation located across the street from their property.

Count I of the complaint seeks recovery against UGI Corporation on the basis of negligence. Count II, in assumpsit, seeks damages from UGI for the breach of express and implied warranties under the Uniform Commercial Code. Count III, in trespass, seeks recovery on the basis of strict liability in tort under section 402 A of the Restatement, 2d, Torts.

Defendant, UGI Corporation, filed preliminary objections on October 10, 1978, in the nature of a demurrer. Defendant first objected that plaintiffs could not recover for property damage, as they assigned all rights to the residence to an insurer. This matter was resolved in an amended complaint filed October 23, 1978, which eliminated any attempt to recover for property damage. Defendant's demurrer to Counts II and III remains and is the subject of this opinion.

A demurrer by a defendant admits all the relevant well-pleaded facts in a complaint and all inferences reasonably deducible therefrom: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). It does not admit conclusions of law: Buchanan v. Brentwood Federal Savings & Loan Assoc., 457 Pa. 135, 320 A. 2d 117 (1974). Where a doubt exists as to whether a complaint states a cause of action, it should be resolved in favor of the non-moving party: Clevenstein v. Rizzuto, 439 Pa. 397, 266 A. 2d 623 (1970).

The Pennsylvania courts first adopted section 402 A of the Restatement, 2d, Torts, on strict liabil-

ity in the famous case of Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966).* To state a cause of action in strict liability in tort, plaintiff must aver that 1) the product was purchased from one in the business of selling such a product; 2) the product reached the consumer without substantial change from the condition in which it was sold; 3) the product was defective rendering it unreasonably dangerous; and 4) plaintiff suffered harm to himself or his property as a result.

Plaintiffs do not allege any defect in the gas itself. Instead, they aver that the defect was in the gas main, which they contend was part of the product that defendant sold to its gas customers. While there are countless instances where strict liability under section 402 A has been imposed for defective containers, typically exploding bottles, we are not convinced that a gas main constitutes such a container. The main is not sold or delivered to gas customers, as the gas and the main are two separate units. Defendant is not in the business of selling gas mains, but merely uses the main to distribute its product, natural gas. Therefore, while defendant may be liable to plaintiff for a defective gas main, upon a showing of negligence, it is not strictly liable in tort as the seller of a defective product.

Plaintiffs advance a policy argument, suggesting that defendant should be strictly liable for a defective distribution system, as the main was solely within defendant's control and plaintiffs had no means of safeguarding against the defect. To hold

---

*We recognize that the Pennsylvania Supreme Court has recently held that the term "unreasonably dangerous" has no place in the instructions to a jury as to the question of a "defect" in a products liability case: Azzarello v. Black Bros. Co., Inc., 480 Pa. Superior Ct. 547, 391 A. 2d 1020 (1978); Berkebile v. Brantley Helicopter Corp., 462 Pa. 83, 337 A. 2d 893 (1975).

defendant strictly liable would treat him as an insurer, a conclusion we are unwilling to reach. Although the court seemed to reach that result in University of Pittsburgh v. Equitable Gas Co., 5 D. & C. 3d 303 (1978), there is a major factual discrepancy between that case and the case at bar. In that case, both the gas main and the gas were defective, and strict liability clearly applied. In the instant case, plaintiffs do not aver a defect in the gas. Our research does not reveal any Pennsylvania authority for applying strict liability in tort to a gas company for a defect in its distribution system.

Plaintiffs also assert that the explosion constituted the breach of both express and implied warranties by defendant. The Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12 P.S. §§2-314, 315, establishes warrranties of merchantability and fitness for a particular purpose which are implied in a contract for the sale of goods, if the seller is a merchant with respect to goods of that kind. In challenging this cause of action, defendants maintain that natural gas is not a good, as it is not tangible, identifiable personal property; that the sale of gas is actually a service, which is not covered by the UCC; and that no sale occurred as there was no tender of delivery of the gas to plaintiff's home.

Although we are not persuaded that natural gas is not a tangible, movable good, we are convinced that this is not a sale covered by the UCC. The Pennsylvania Supreme Court was presented with a fact situation similar to the instant one in Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A. 2d 612 (1964), but the court never determined that the supplying of natural gas through gas mains to a plaintiff's home was a contract for sale. As that issue was undisputed by the parties, it was never

raised. There has been no Pennsylvania appellate court decision that holds that supplying of a service to a customer's building by a utility is sufficiently analogous to a sale to justify the application of implied warranties under the UCC, and we are therefore unwilling to extend the UCC's coverage. We note in closing that plaintiffs aver that the gas leaked into their home from a defect in a main located across the street from their home, and not from a main directly connected with their building. Plaintiffs do not aver that defendant delivered to plaintiffs' home the defective main or the gas which allegedly caused the explosion. Thus we find no sale or delivery of goods which would raise implied warranties of merchantability and fitness under the UCC.

## ORDER

And now, September 28, 1979, in accordance with the opinion filed this date, defendant's demurrer to the breach of warranty theory of Count II and to the strict liability in tort claim of Count III is sustained. Plaintiffs are given 20 days to file an amended complaint.