## Dick v. Fantasyland, Inc.

*Dale E. Anstine,* for plaintiffs.

*G. Henry Seaks, II,* and *Robert L. McQuaide,* for defendant.

SPICER, *P.J.,* September 12, 1980—Plaintiffs filed a complaint in trespass on August 31, 1979 alleging personal injuries suffered by plaintiff, Andrea Dick, on August 30, 1977 while riding defendant's amusement known as the "sky lift." After a number of pleadings were exchanged between the parties, plaintiffs set forth in their second amended complaint two counts, one sounding in trespass and the other in assumpsit. Defendant, by way of an answer with new matter, has raised the bar of the two year statute of limitations applicable to injuries to the person. In their reply to new matter plaintiffs admit that the injury complained of occurred on August 30, 1977. Plaintiffs further admit that defendant has not waived the protection of the two year statute of limitations. Even though plaintiffs do admit that the original complaint was not filed until August 31, 1979, they assert that they "sent a summons and a complaint along with the necessary filing fees and sheriff costs by way of regular U.S. mail prior to August 30, 1979, and therefore reasonably believed that said complaint would be filed by August 31, 1979."

The factual averments of plaintiffs' count in assumpsit and count in trespass are almost identical. It is alleged that defendant operated an amusement ride known as the "sky lift" and invited the public, including the plaintiff Andrea Y. Dick, to ride it for a fee. On August 30, 1977 plaintiff Andrea Y. Dick accepted the offer of a ride, paid her fee, and was

injured when she sustained a blow to the forehead from a seatbar on the ride.

Plaintiffs assert, in paragraph seven of the complaint, that defendant warranted to the public, either expressly or impliedly, that the "sky lift" was safe for use by persons such as plaintiff. Plaintiffs then assert in paragraph nine and paragraph 17 that defendant knew or should have known of the dangerous conditions of the "sky lift"; defendant failed to warn plaintiff of the dangerous condition; defendant's employes acted in "a negligent manner"; and defendant failed to test the "sky lift" to ascertain the existence of any dangerous condition.

On June 6, 1980 defendant filed a motion for judgment on the pleadings. This motion is now before the court for disposition.

The two issues before the court for decision are (1) Is the statute of limitations contained in the Uniform Commercial Code, 13 Pa.C.S.A. §2725, applicable to a personal injury suit arising out of a purchased ride in an amusement park and (2) Is mailing a pleading with required filing fees equivalent to filing the pleading?

We address the issue of mailing first.

According to the reply to new matter, the pleadings required to commence this suit were mailed in sufficient time to have been filed within the two year period following the accident. The prothonotary did not file the complaint until 9:41 a.m. on August 31, 1979. Plaintiff concedes this was beyond, albeit narrowly, the two year period.

Plaintiff has argued that the court should adopt a liberal view in this matter, however, and equate mailing with filing.

However, even though an item is mailed in sufficient time to have been timely filed, it is not filed

until received: Walsh v. Tucker, 454 Pa. 175, 312 A. 2d 11 (1973). Therefore, mailing is not equivalent to filing.

Some cases have held that mailing may be sufficient if receipt can be shown within the required time, Johnson v. Esso Standard Oil Co., 181 F. Supp. 431 (W.D. Pa. 1960), but only if receipt can be shown: Perrine v. Heishman, 253 F. Supp. 68 (M.D. Pa. 1966). Therefore, it is the showing of receipt by the prothonotary that is important, not the fact of mailing.

There is nothing in this case which would indicate that the prothonotary received the items prior to the date of filing. The court has examined the time stamp. If it had shown filing at or near 8:00 a.m., which is the opening time for the courthouse, we could assume the pleading had been received the previous day. Since the complaint was filed at 9:41 a.m. no such assumption can be made.

Therefore, the court holds that the case was not commenced within the two year period prescribed in 42 Pa.C.S.A. §5524.

The question now becomes whether plaintiffs can take advantage of the four year statute contained in 13 Pa.C.S.A. §2725. The fact that this is a personal injury case is not necessarily conclusive in this regard. Personal injury damages are recoverable as consequential damages under the code, 13 Pa.C.S.A. §2715(b). The code's provisions are specially exempted from the Judicial Code's provisions by 42 Pa.C.S.A. §5525(2).

Plaintiffs claim they qualify for code treatment because they purchased a ride. This, they say, was a commercial transaction and was attended by defendant's implied warranty that the premises were safe for the intended use. They point to holdings

that businesses impliedly warrant the safety of their premises for business invitees: Bernstein v. Perry Theatre Corporation, 98 Pitts.L.J. 60 (1950). They further point to at least one Pennsylvania Supreme Court decision giving a plaintiff the right to sue for damages sustained because of personal injuries on a theory of breach of warranty: Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A. 2d 612 (1964).

In the Gardiner case, natural gas leaked as it was being transmitted to plaintiff's home. He was injured and sued under a theory that the gas company impliedly warranted that the gas would be delivered in a safe manner. The real issue in the case, of course, was whether the four year statute in the Uniform Commercial Code applied. In upholding the theory under which suit was brought, the court also applied the Uniform Commercial Code's four year statute.

Other cases in commenting on the Gardiner opinion have suggested it must be read in light of the fact that it was decided prior to Pennsylvania's adoption of the Restatement, 2d, Torts, §402A: Salvador v. Atlantic Steel Boiler Co., 256 Pa. Superior Ct. 330, 389 A. 2d 1148 (1978). It has been suggested that the adoption of section 402A has made unnecessary holdings such as Gardiner, supra. It is no longer necessary to bend commercial law concepts into negligence realities in order to create a remedy where none existed before: Salvador, supra.

Certainly, tailoring warranty theories to situations involving negligence produced results which were quite strange in some instances. For example, the Supreme Court held that a man's injuries were barred by statute before they occurred because the

breach of warranty occurred when a tender of delivery was made: Rufo v. Bastian-Blessing Co., 417 Pa. 107, 207 A. 2d 823 (1965). This case involved a person who did not enjoy privity of title with defendant and makes clear the reasons for this state's adopting section 402A.

Plaintiffs in this case have privity of title with defendant. They are not suing the manufacturer of the ride apparatus because of its defective condition, they are suing the operator because they say the operator impliedly warranted the ride to be safe.

Plaintiffs have not said they bought a ticket. They say they purchased the right to use the property.

The Uniform Commercial Code by its own definition applies to transactions in which goods are transferred. Goods are defined as things "which are movable at the time of identification to the contract for sale." 13 Pa.C.S.A. §2105(a). Plaintiff in Gardiner, supra, was purchasing goods. The same cannot be said for plaintiffs in our case. The use of a ride is not a "thing" nor can it be movable at the time of identification in the contract.

It would seem clear then, that the provisions of the Uniform Commercial Code do not cover this transaction and there are no policy decisions to hold otherwise.

We hold, therefore, that plaintiffs are not entitled to apply the Uniform Commercial Code statute in this case.

Accordingly, the attached order shall be entered.

ORDER

And now, September 12, 1980, judgment on the pleadings is hereby granted in favor of defendant and against plaintiffs.