# Van Scoyoc v. General Foam Corp.

*Andrew J. Leger Jr.,* for plaintiffs.
*Walter F. Wall,* for defendants.

KOPRIVA, *J.,* March 15, 1990 — Before the court for disposition are the preliminary objections of both named defendants.

## FACTUAL BACKGROUND

Plaintiffs initiated this action on April 19, 1989 by filing a complaint which alleges damages against defendant General Foam Corporation (count I — warranty) and Cambria Equipment Company (count II — warranty). These damages consist of inter alia, damages arising as a result of personal injuries suffered by plaintiff Herbert Van Scoyoc as a result of carpet and/or carpet padding allegedly manufactured, sold, supplied, designed, assembled, prepared, distributed and/or serviced by defendants. Both defendants filed preliminary objections to the complaint. Defendant General Foam joins in the preliminary objections of its co-defendant Cambria Equipment Company and further incorporates by reference Cambria Equipment's argument into its brief. Defendants raise the following issues.

## DEMURRER

*Whether a Claim Based on Breach of Warranty Seeking Damages Exclusively for Physical Harm Sets Forth a Valid Cause of Action*

Defendants argue that a warranty action cannot be maintained where damages sought are solely for personal injuries. Defendants submit the proper theory of recovery to be negligence and/or strict liability. Defendants have asked this court to dismiss plaintiffs' complaint as it fails to set forth a cause of action upon which relief may be granted.

In their argument, defendants cited cases which hold that when a defective product injures only itself, and thus damages are sought for economic loss, the action may only be maintained under breach of warranty and not in negligence or strict liability. Defendants assume the inverse of these holdings to be true. In other words, a plaintiff seeking only recovery for personal injuries, caused by a defective product, must proceed in negligence and/or strict liability and not under breach of warranty.

This court cannot accept defendants' reasoning in light of our research of Pennsylvania law governing warranty actions. We direct defendants to Pennsylvania's adoption of the Uniform Commercial Code found at 13 Pa.C.S. §2715, entitled Incidental and Consequential Damages. Section 2715(b)(2) states:

*"Consequential Damages* — Consequential damages resulting from breach of the seller include:

"(2) injury to person or property proximately resulting from any breach of warranty."

The above-quoted section from Pennsylvania's adoption of the Uniform Commercial Code clearly provides for the recovery of damages for personal injury in an action for breach of warranty. However, the question still remains as to whether an action for breach of warranty is proper where the plaintiff is seeking damages exclusively for physical harm. Although there appears to be no case directly on point with this issue, we find instructive several

Pennsylvania cases which analyze the question of the proper statute of limitations to apply in breach of warranty actions.

One such case is *Jablonski v. Pan American World Airways Inc.,* 863 F.2d 289 (3d Cir. 1988). In this case, plaintiff-passenger sought only to recover damages for personal injuries sustained during a rough landing. The court's discussion centered on which Pennsylvania statute of limitations should be applied, the two-year period applicable for tort actions, or the four-year contract period. The Court of Appeals, citing *Gardiner v. Philadelphia Gas Works,* 413 Pa. 415, 197 A.2d 612 (1964), stated as follows:

"We have uncovered only one exception to the general rule that an action brought solely to recover damages for personal injuries must be commenced within the two-year limitation period. A suit to recover damages for personal injuries arising from breach of warranty in the sale of goods must be commenced within the four-year limitation period."

*Gardiner, supra,* involved a personal injury claim based on breach of warranty. Defendants filed preliminary objections claiming that the action was barred by the two-year statute of limitations applicable to actions for damages for personal injury. In concluding that the "four-year period of limitation on all actions for breach of contracts for sale, irrespective of whether the damages sought are for personal injuries or otherwise," would apply, the Pennsylvania Supreme Court stated that:

"In this Commonwealth we have always recognized that a personal injury claim based upon a breach of warranty is a distinct claim from a personal injury claim based on negligence." *Gardiner, supra.* (citations omitted)

In light of the above discussion, we find that a claim based on breach of warranty seeking damages exclusively for physical harm does set forth a valid cause of action according to Pennsylvania case law. See also, *Hahn v. Atlantic Richfield Company,* 625 F.2d 1095 (1980), cert. denied 450 U.S. 981, 101 S.Ct. 1516, 67 L.Ed. 2d 816; *Williams v. West Penn Power Co.,* 502 Pa. 577, 467 A.2d 811 (1983); *Engelman v. Eastern Light Co.,* 30 D.&C. 2d 38 (1964).

## MOTION FOR A MORE SPECIFIC PLEADING

*Whether a Party Alleging in Their Complaint Liability Upon Express Warranties Must Specify Whether the Express Warranties Were Reduced to a Writing or Oral in Nature and if in Writing, Must Attach a Copy of Same*

Pennsylvania Rule of Civil Procedure 1019(h) states:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason and to set forth the substance of the writing."

Pennsylvania Rule of Civil Procedure 1019(h) simply provides that if an action is based on a writing, of any sort, the complaint must so state. Plaintiffs in their complaint do not aver that their warranty action is based on a writing. In both count I and count II, plaintiffs refer to the breach of express and implied warranties as the basis for their claim. Defendants argue that rule 1019(h) requires plaintiffs to specify whether the express warranties are written or oral.

Our research of Pennsylvania case law indicates that defendants are asking plaintiffs to do more than the rule requires. If a complaint says nothing about the existence of a written agreement, as a general rule it is automatically an averment that the agreement is not written. 2 Goodrich-Amran 2d §1019(h):1, at 164; *Harvey Probber Inc. v. Kauffman,* 181 Pa. Super. 281, 124 A.2d 699 (1956); *Goodbody & Co. v. Levine,* 46 D.&C. 2d 494 (1969). It is only if the claim is "based upon a writing" that the duty is placed upon the plaintiff to set forth whether the agreement is written or oral. Goodrich-Amran 2d, *supra* at 165; *Johnston v. Shapp,* 57 D.&C. 2d 753, 756 (1972). Plaintiffs have not asserted that the action is based on a writing. Therefore, defendants may correctly conclude that the express warranties alleged are oral.

We have reviewed the case that defendants cite in support of their position, *Grove v. York County Gas Company,* 25 D.&C. 2d 522 (1962). Although *Grove* does involve alleged express and implied warranties, the opinion does not address rule 1019(h) nor does it discuss the reasoning behind requiring plaintiff to state whether the express warranty was written or oral. We do not consider *Grove* to be persuasive inasmuch as it is contrary to the consensus of authority which holds that silence is permissible unless the agreement sued upon is in writing. See *Lohbrandt v. Smiley,* 37 D.&C. 2d 459 (1965); *Rosen v. Lufthansa Airlines,* 41 D.&C. 2d 701 (1966); *Reston v. Ambrosia Coal & Construction,* 4 D.&C. 3d 132 (1977).

## MOTION TO STRIKE

*Whether an Allegation of a Breach of Warranty for Materials That Are "Fit and Safe for Their Anticipated and Intended Use" Is Sufficient to*

*Form the Basis of a Breach of Warranty Action
and Complies With the Rules of Civil Procedure*

Defendants point to paragraphs 6 and 15 of plaintiffs' complaint in alleging that the complaint fails to set forth the facts needed to plead breach of warranty. Said paragraphs state in relevant part that defendants "expressly and impliedly warranted that the carpet and carpet padding were merchantable, fit and safe for their anticipated and intended use." Defendants contend that these allegations are "void, vague and of such general nature that a response cannot be made without further clarification." (Defendant Cambria Equipment's brief at 7.)

To properly plead a breach of warranty, the warranty must be alleged as well as the facts constituting the breach. 22 Standard Pa. Practice 2d §22:62, 301. In determining the sufficiency of the complaint, we will look to the entire complaint and not just at paragraph 6 and 15 to which defendants refer.

In reviewing paragraphs 6, 7, and 8 of count I and 15, 16, and 17 of count II, it is clear that plaintiffs are claiming a breach of the implied warranty of merchantability as set forth in 13 Pa.C.S. §2314. This warranty is implied by law in sales of goods by a merchant unless specifically excluded. Section 2314(b)(3) states as follows:

"(b) *Merchantability standards for goods* — Goods to be merchantable must be at least such as:

"(3) are fit for the ordinary purposes for which such goods are used;. . ."

Plaintiffs use the term "merchantable" or "merchantability" in paragraphs 6, 7, 8 and 15, 16, 17 when referring to the warranties that were allegedly breached. Additionally in paragraphs 6 and 7, plaintiffs use the phrase "fit and safe for their anticipated

and intended use" to aver the warranties that were breached. Variations of this phrase are also used in paragraphs 6, 8, 16 and 17.

Fitness for the ordinary purposes for which goods of the type are used is a fundamental concept of the implied warranty of merchantability. See note 8 of comments to 13 Pa.C.S. §2314. As such, we find the phrase "fit and safe for their anticipated and intended use" to refer to merchantability. The intended use, or normal use (see complaint, paragraphs 7, 8, 15 and 16) of carpet and carpet padding is obvious. The complaint at paragraphs 5 and 14 states that the carpet was installed in plaintiffs' home. In light of the above, we disagree with defendants' allegation that plaintiffs have failed to set forth the facts essential to determine what is meant by "fit and safe" and the anticipated and intended use of the carpet and/or carpet padding.

We note that the complaint refers to express warranties in addition to the implied warranty of merchantability. Express warranties may be created by various means. See 13 Pa.C.S. §2313. The scope and purpose of an express warranty will vary from situation to situation. Plaintiffs' complaint fails to set forth with sufficient specificity the substance of the express warranties averred, nor does it allege the manner in which the warranty was created. If plaintiffs intend to rely on an express warranty, such specific facts must be set forth in the complaint. See *Sellers v. Sharon Chrysler-Plymouth Inc.,* 49 D.&C. 2d 483 (1970).

As we have determined that plaintiffs' complaint alleges a breach of the implied warranty of merchantability, we will now address the question of whether the complaint sets forth facts constituting the breach with sufficient specificity. Defendants cite *Toth v. Glessner,* 16 D.&C. 3d 388 (1979), which

discusses the specificity required when pleading breach of warranty. *Toth* holds that an allegation that a product is defective is inadequate in that it does not sufficiently apprise a defendant of the things against which he must defend.

The complaint in the case now to be decided clearly alleges more than a mere defect in the carpet and padding. Paragraphs 9 and 18 set forth that the carpet contained "excess amounts of formaldehyde and/or formic acid and/or other noxious chemicals." We find that these paragraphs describe the alleged breach with sufficient specificity so as to allow defendants to prepare a defense.

In accordance with the above opinion, we find the following order to be appropriate.

## ORDER

And now, March 15, 1990, it is hereby ordered, directed and decreed, that the preliminary objections of defendants, General Foam Corporation and Cambria Equipment Company, are disposed of as follows:

(1) Demurrer to the plaintiffs' complaint is denied.

(2) Motion for a more specific pleading in regard to paragraphs 6 and 15 is denied.

(3) Motion to strike paragraphs 9 and 15 is denied in so far as plaintiffs intend to plead only breach of the implied warranty of merchantability. If plaintiffs intend to rely on an express warranty or on an implied warranty of some other sort, they must amend their pleadings to clearly set forth such allegations, and they are given 20 days from the date of this order to do so.