Scileppi, J.
In October, 1958 the Pittsburgh Plate Glass Company, the respondent herein, delivered and installed eight glass doors at the front entrance to the Central Trust Building in Rochester, New York. On October 29, 1965 it is alleged that *342 appellant Cecile Mendel opened and was walking through one of the entrance doors leading from the public street into the premises of defendant Central Trust Company, when the door struck her, causing her to fall to the ground and sustain personal injuries.
Appellants alleged four causes of action against respondent and defendant. The first and second causes of action, sounding in negligence, seek recovery for Mrs. Mendel’s personal injuries and Mr. Mendel’s derivative consequential damages; the third and fourth causes of action, while seeking recovery for the same personal injuries and consequential damages, allege a breach of the implied warranty of fitness for a particular use.
The first and second causes of action, based upon alleged negligence, are not involved on this appeal nor were they sub= ject to any pretrial motions and, therefore, will have to be defended on the merits by both the respondent, Pittsburgh Plate Glass Co., and defendant, Central Trust Company, at trial.
In May, 1967 defendant Central Trust Company’s motion to dismiss the third and fourth causes of action based upon alleged breach of warranty, was granted. No appeal was ever taken from that determination.
In August, 1967 Special Term granted respondent, Pittsburgh Plate Glass Co.’s motion to dismiss the third and fourth causes of action based upon alleged breach of warranty. It is from the Appellate Division’s unanimous affirmance of that determination that the appellants have appealed herein.
The question presented is what is the applicable Statute of Limitations on appellants’ third and fourth causes of action?
If we determine that the causes of action seek recovery for a tortious wrong, then, the action having accrued at the time of the injury and commenced within three years thereafter (CPLE 214, subd. 5), the motion to dismiss was improperly granted. If, however, we view this as a contract action, then, the action having accrued at the time the sale was consummated, the action is barred by the six-year Statute of Limitations (CPLE 213, subd. 2).[1]
*343 In Blessington v. McCrory Stores Corp. (305 N. Y. 140) this court held the six-year contract Statute of Limitations applicable to an action seeking recovery for personal injuries arising out of a breach of an implied warranty. It was there stated that: “ although such a breach of duty may rest upon, or be associated with, a tortious act, it is independent of negligence, and so such a cause of action gets the benefit of the six-year limit of subdivision 1 of section 48 of the Civil Practice Act [now CPLR 213, subd. 2], as being on an implied contract obligation or liability * * * [W]hile an action for breach of a statutorily implied warranty of fitness may involve, incidentally, some showing of negligence, the contract breached is not merely one to use due care, but is a separate (implied) contract of guaranty that the goods are fit for the purpose for which they are sold and bought (Rinaldi v. Mohican Co., 225 N. Y. 70; Gimenez v. Great Atlantic & Pacific Tea Co., 264 N. Y. 390). Proof of negligence is unnecessary for recovery in such a suit ” (p. 147, emphasis added).
This rationale has been followed since the Blessington decision (Citizens Utilities v. American Locomotive Co., 11 N Y 2d 409; Kakargo v. Grange Silo Co., 11 A D 2d 796, mot. for lv. to app. den. 8 N Y 2d 711).
The appellants argue that Blessington does not apply to the instant case because our decision in Goldberg v. Kollsman Instrument Corp. (12 N Y 2d 432) created in favor of third-party strangers to the contract, a cause of action in tort and not in warranty and, therefore, the three-year-from-the-time-of-the-injury, rather than the six-year-from-the-time-of-the-sale, limitations period should apply. We do not agree. When Goldberg was before us, we were confronted with the issue of whether or not a cause of action other than in negligence should exist in favor of those persons not in privity with the contract of sale. After determining that the cause of action should exist, two avenues were open to us — either to establish, as other jurisdictions already had, a new action in tort, or to extend our concept of implied warranty by doing away with the requirement of privity. While there is language in the majority opinion in Goldberg approving of the phrase “ strict tort liability ”, it is clear that Goldberg stands for the proposition that notwith *344 standing the absence of privity, the cause of action which exists in favor of third-party strangers to the contract is an action for breach of implied warranty. The instant action being one for personal injuries arising from a breach of warranty, it is our opinion that Blessington controls and, therefore, the applicable Statute of Limitations is six years from the time the sale was consummated (CPLR 213, subd. 2).
The argument is advanced, however, that a determination in favor of the appellants does not require us to disturb our decision in Blessington for we could limit the three-year-from-the-time-of-the-injury rule only to those parties who are strangers to the contract. Such a rule, however, would create the anomalous situation of possibly giving greater rights to the stranger than to the immediate purchaser. To illustrate: A, the driver and purchaser, and B, passenger, are both personally injured in an automobile accident caused by a manufacturing defect. If the Statute of Limitations has already run on the warranty action, then the purchaser would be relegated to a possible action in negligence whereas the passenger could still sue and recover by merely showing the defect and the resulting injury.
In order to cure such an anomaly, it might be argued that we should simply overrule Blessington and establish a three-year limitations period from the time of the injury for all personal injury actions. This, however, cannot be done for the Legislature by adopting the applicable provisions of the Uniform Commercial Code has already clearly manifested an intention to the contrary.
Subdivisions (1) and (2) of section 2-725 provide:
“ (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *
“ (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.” (Emphasis added.)
*345 Section 2-715 (subd. [2], par. [b]) provides:
“ (2) Consequential damages resulting from the seller’s breach include
*42. -V. w w
“ (b) injury to person or property proximately resulting from any breach of warranty.”
We think it is evident that although the code does not apply to the instant case we are precluded from establishing, other than for a limited duration, a three-year limitations period from the time of the injury for all personal injury actions.
It should be noted that the extension of warranty protection to plaintiffs not in privity with the contract is no longer merely a product of case law, for the Legislature in adopting the code has to some extent overlooked the absence of privity also.
Section 2-318 provides:
“Third Party Beneficiaries of Warranties Express or Implied.
“ A seller’s warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.”
We would merely add that both parties appear to agree, and we believe correctly, that strict liability in tort and implied warranty in the absence of privity are merely different ways of describing the very same cause of action. If we were to adopt a three-year limitations period from the time of the injury, then we would create a situation where at least those plaintiffs not in privity covered by section 2-318 of the Uniform Commercial Code, would be entitled to pick and choose between the code’s four-year-from-the-time-of-the-sale, and our three-year-from-the-time-of-the-injury, limitations period, depending upon which, under the facts of a given case, would grant them the longest period of time to sue. Although it is true that a plaintiff may have two different theories of recovery involving the same wrong with different limitation periods (e.g., negligence and breach of warranty), it would be absurd to have two different periods of limitation applicable to the same cause of action, with the same elements of proof, complaining of the very same wrong.
*346 In conclusion, if the case presented merely an open policy question, which as evidenced from the discussion above we do not believe, we would nevertheless affirm. We are willing to sacrifice the small percentage of meritorious claims that might arise after the statutory period has run in order to prevent the many unfounded suits that would be brought and sustained against manufacturers ad infinitum. Surely an injury resulting from a defective product many years after it has been manufactured, presumptively at least, is due to operation and maintenance. It is our opinion that to guard against the unfounded actions that would be brought many years after a product is manufactured, we must make that presumption conclusive by holding the contract Statute of Limitations applicable to the instant action and limit appellants to their action in negligence.
Accordingly, the order appealed from should be affirmed.

. The sale having been consummated in 1958 the instant case is not governed by the Uniform Commercial Code’s applicable four-year limitations period which only has prospective application from September 27,1964 (Uniform Commercial Code, § 2-725, subd. [4]).