JOHN R. FISHER et al., Respondents, v GRACO, INC., Defendant, and WAGNER SPRAY TECH CORPORATION, Appellant. (And One Other Action.)

Third Department, June 18, 1981

##### APPEARANCES OF COUNSEL

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* of counsel), for appellant.

*Seymour Fox (Neil F. Woodworth* of counsel), for respondents.

##### OPINION OF THE COURT

CASEY, J.

As the result of an injury alleged to have been caused on October 10, 1975 from his use of a spray paint gun provided to him by his employer (Henderson Mobile Cleaning), and which had been purchased by Henderson on July 23, 1975, plaintiff commenced this action on July 13, 1979 against

Graco, Inc., and Wagner Spray Tech Corporation, the manufacturer and/or distributor of the gun. All other possible causes of action having been barred by the three-year Statute of Limitations, the complaint alleges only breach of warranty in that the product was neither fit for the ordinary purpose for which it was used (Uniform Commercial Code, § 2-314, subd [2], par [c]) nor fit for the particular purpose for which it was required (Uniform Commercial Code, § 2-315). Following service of Graco's cross claim against Wagner, the latter moved for its dismissal and for a dismissal of plaintiff's complaint pursuant to CPLR 3212, contending the action was barred for lack of privity between the plaintiff and these defendants.

Special Term erroneously denied the motion in the mistaken belief that the amendment to section 2-318 of the Uniform Commercial Code (L 1975, ch 774), which eliminated the privity requirement in breach of warranty cases, applied, inasmuch as the plaintiff's injury occurred on October 10, 1975, after the September 1, 1975 effective date of the amendment.

We note that despite the express provisions of subdivision (2) of section 2-725 of the Uniform Commercial Code, which provides that a cause of action for breach of warranty accrues at the time of the sale, the Court of Appeals has stated "assuming that plaintiff may sue in breach of warranty in contract, it still is true that his cause of action accrued only when he was injured" *(Martin v Dierck Equip. Co.*, 43 NY2d 583, 591). Accordingly, if plaintiff here had a cause of action for breach of warranty, it apparently accrued after the amendment to section 2-318 of the Uniform Commercial Code. In our view, however, plaintiff had no such cause of action. "[A] plaintiff who is not in privity with the seller of the product which is alleged to have caused his injury possesses a cause of action in negligence or strict products liability as opposed to what has often been incorrectly labeled breach of warranty" *(Martin v Dierck Equip. Co.*, *supra*, pp 589-590).

Assuming that the amendment to section 2-318 of the Uniform Commercial Code can have the effect of changing this principle, an assumption that is not free from the like-

lihood of disagreement *(Martin v Dierck Equip. Co., supra,* at p 591)*, we conclude that the amendment cannot serve to create a cause of action for breach of warranty here. Section 2-318 of the Uniform Commercial Code, in both its pre-amended and amended forms, adds to or alters the terms of the contract of sale by extending the warranties to certain persons who were not in privity with the seller. Here, the contract of sale was completed when plaintiff's employer purchased the spray gun on July 23, 1975, and the statute as it read at that time must be applied. The amendment to section 2-318 cannot be used to add to or alter the terms of a contract that had already been performed when the amendment became effective.

Under the provisions of section 2-318 prior to the amendment, plaintiff does not fall within the class of enumerated persons to whom the warranties extend, and for lack of required privity has no cause of action for breach of warranty.

The order should be reversed, on the law, with costs, and motion by defendant granted.

MAIN, J. P., YESAWICH, JR., WEISS and HERLIHY, JJ., concur.

Order reversed, on the law, with costs, and motion by defendant granted.