OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed with costs.
Although the words “strictly liable” appear in plaintiff’s complaint, there was no request to charge on such a theory nor was plaintiff’s motion for a directed verdict made on any such ground. Moreover, there is no proof that the elevator was defective when it left defendants’ hands, an essential of a strict liability cause of action. That defendants both supplied the elevator and serviced it after installation would not impose upon them strict liability for a defect which developed after installation was completed.
Nor is plaintiff’s case helped by the 1975 amendment to section 2-318 of the Uniform Commercial Code, if its applicability be assumed, there being no evidence in this record that the delivery of the elevator occurred after the effective date of that amendment (Fisher v Graco, Inc., 81 AD2d 209, 211, app withdrawn 54 NY2d 1027).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs, in a memorandum.