OPINION OF THE COURT
Joseph D. Mintz, J.
Defendants Alumo Products Co., Inc. (Alumo) and Bison Plumbing City (Bison) move for partial summary judgment dismissing plaintiffs’ sixth, seventh and eighth causes of action on the basis of the Statute of Limitations, *1009 defendant Alumo moves for partial summary judgment dismissing the plaintiffs’ sixth, seventh and eighth causes of action on the grounds of lack of privity and defendant Bison moves for partial summary judgment dismissing plaintiffs’ fifth cause of action on the basis that a retailer is not strictly liable in tort.
The facts as alleged in plaintiffs’ complaint are as follows: that on August 21, 1972 plaintiff Richard Szrama purchased a bathtub enclosure unit, manufactured by Alumo, from Bison. At the time of purchase, plaintiffs allege that plaintiff Richard Szrama believed the unit to be made of tempered glass, but, in fact, it was made of ordinary glass. Thereafter, plaintiffs installed the unit in their home, and on September 29, 1979, plaintiff Richard Szrama was injured while showering.
Plaintiffs’ sixth, seventh and eighth causes of action are grounded in breach of warranty, and, therefore, are controlled by New York’s enactment of the Uniform Commercial Code. Specifically, section 2-318 governs the parties who may bring an action based upon breach of warranty and section 2-725 provides a Statute of Limitations on breach of warranty actions of four years. Defendant Alumo contends that the version of section 2-318 in effect at the time the goods in question were sold to the plaintiff prevents the plaintiff from maintaining an action against it, since that section extended the warranty only to the buyer from the seller whose warranty is being sued upon, and that buyer’s family and guests. Under the earlier version of section 2-318, Alumo argues, plaintiffs may not maintain an action against Alumo since they neither bought directly from Alumo, nor are they members of the family or guests of the party who did purchase from Alumo, namely, Bison. Plaintiffs argue that the amendment of section 2-318, effective September 1, 1975, is to apply retroactively, as a remedial statute. Although only the Third Department has had an opportunity to decide directly on the retroactive application of section 2-318, and it found against retroactivity (Fisher v Graco, Inc., 81 AD2d 209), the Court of Appeals, in dicta, has indicated that it will not retroactively apply the amendment (Martin v Dierck Equip. Co., 43 NY2d 583, 591). Consequently, de *1010 fendant Alumo’s assertion that the previous version of section 2-318 applies to this case is correct. However, section 2-318 does not prevent this plaintiff from maintaining an action against Alumo. Comment 3 to the original version of section 2-318 states “This section expressly includes as beneficiaries within its provision the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller’s warranties, given to his buyer who resells, extend to other persons in the distributive chain.” By this comment, it is clear that old section 2-318 was a limitation only with regard to horizontal privity, and any case law existing with regard to vertical privity would be unaffected. In Randy Knitwear v American Cyanamid Co. (11 NY2d 5), the Court of Appeals held that repurchasers of goods could sue the manufacturer of those goods directly under breach of warranty. In light of this case, and the comment to section 2-318, Alumo’s motion to dismiss plaintiffs’ causes of action in breach of warranty pursuant to section 2-318 is denied.
To examine defendant’s claim that the causes of action in breach of warranty are time barred, it is necessary to determine when the cause of action accrued, so as to determine whether the Statute of Limitations has run. If the cause of action accrues on the date of sale, the action is time barred; if the cause of action accrues at the date of injury, the action is not time barred. Subdivision (2) of section 2-725 provides that the cause of action accrues at the date of delivery unless the warranty extends to future performance, under which circumstances the cause of action would accrue at the date of discovery of the breach. Plaintiffs contend that subdivision (2) of section 2-725 does not apply to an action for personal injury, or alternatively, that if it does apply, there is a factual issue as to whether the warranties in this case extended to future performance. To examine plaintiffs’ contention that subdivision (2) of section 2-725 does not apply, it is necessary to examine the history of causes of action in breach of warranty and in strict liability in tort. New York enacted the Uniform Commercial Code in 1965, but did not adopt the cause of action in strict liability in tort until the case of Codling v *1011 Paglia (32 NY2d 330). Before the adoption of a cause of action in strict liability, the plaintiff was restricted to causes of action in negligence or in breach of warranty. If the plaintiff were not injured within four years of the purchase of the goods and the plaintiff could not prove negligence, that plaintiff would have no cause of action, even though the plaintiff could prove a defect in the goods (Mendel v Pittsburgh Plate Glass Co., 25 NY2d 340). Consequently, the Court of Appeals decision in Codling overruled in part Mendel, by allowing a nonnegligence action in tort, the time for which would run from the date of injury. It would appear from the decision in Codling that the prediction that the Court of Appeals made in Mendel (p 345) is now the case: “[W]e would create a situation where * * * plaintiffs * * * would be entitled to pick and choose between the code’s four-year-from-the-time-of-sale, and our three-year-from-the-time-of-the-injury, limitations period, depending upon which, under the facts of a given case, would grant them the longest period of time to sue.” In creating a cause of action in strict liability which is grounded in tort, the Court of Appeals must have meant to create a cause of action distinct from one grounded in breach of warranty. Although the Court of Appeals in Martin (supra), and the Third Department in Fisher (supra), implied that a cause of action in breach of warranty would accrue from the time of injury in dicta, it is the determination of the court that in order to preserve the distinction between breach of warranty, grounded in contract, and strict liability, grounded in tort, the four-year Statute of Limitations under section 2-725 begins to run at the date of delivery, as provided for in subdivision (2) of section 2-725.
The application of subdivision (2) of section 2-725 does provide for an exception when the warranty extends to future performance. Plaintiffs have adequately evidenced the existence of a factual dispute in this regard, and consequently summary judgment which would preclude any evidence of this exception would be improper. Consequently, defendant’s motion to dismiss the sixth, seventh and eighth causes of action on the basis of the Statute of Limitations is denied; however, that defense is preserved *1012 for trial, should the plaintiffs not be able to prove that the warranties in question extended to future performance.
Finally, defendant Bison seeks to dismiss plaintiffs’ fifth cause of action, based on strict liability, on the grounds that as a retailer it cannot be held strictly liable for defects in the product itself. This assertion, however, is contrary to the case law with regard to strict liability, and contrary to section 402 A of the Restatement of Torts, Second, upon which the cause of action in strict liability is based. (Mead v Warner Pruyn Div., Finch Pruyn Sales, 57 AD2d 340.) If it is Bison’s assertion that Alumo is solely responsible for the defect, if any, its remedy is a claim over against Alumo, or apportionment. Consequently, defendant Bison’s motion for summary judgment dismissing plaintiffs’ fifth cause of action is denied.
For the foregoing reasons, defendant’s motions are hereby denied.