■ MARK VERSACE, Appellant, v 1540 BROADWAY L.P. et al., Respondents, et al., Defendants. (And a Third-Party Action.) SCHINDLER ELEVATOR CORPORATION, Second Third-Party Plaintiff, v ELPRO, INC., Second Third-Party Defendant, and VERTITRON MIDWEST, INC., Second Third-Party Defendant-Respondent. [48 NYS3d 666]—

Order, Supreme Court, New York County (Debra A. James, J.), entered November 17, 2015, which, insofar as appealed from as limited by the briefs, granted defendant Schindler Elevator Corporation's motion for summary judgment dismissing the strict products liability claims as against it, granted defendant Minnesota Elevator, Inc. and second third-party defendant Vertitron Midwest, Inc.'s motion for summary judgment dismissing the strict products liability claims as against Minnesota, granted defendants 1540 Broadway L.P., 1540 Broadway NY, LLC, Virgin Entertainment Group, Inc., and Virgin Megastores (USA), L.P.'s motion for summary judgment dismissing the Labor Law § 240 (1) claim as against them, and denied plaintiff's motion to amended the complaint to add a claim for punitive damages against Minnesota, unanimously modified, on the law, to deny Schindler's and Minnesota and Vertitron's motions as to the design defect and failure to warn claims predicated on an alleged defective elevator shim, and otherwise affirmed, without costs.

Plaintiff, an elevator mechanic, allegedly was injured in January 2006 when an elevator that he had been dispatched to repair suddenly dropped, with him inside, allegedly because a defective shim had caused the guide shoe to crack and because of the failure of a low-pressure switch. Defendant Minnesota and third-party defendant Vertitron established prima facie that the low-pressure switch and the shim (a piece bolted between the guide shoes and the elevator cab to create a snug fit between them) were not defective by demonstrating that the elevator was inspected and approved for service by the City of New York after it was first installed in 1995 and again in 2005, after it was returned to service after having been repaired, and

that the low-pressure switch was tested every two years by the City (*see McArdle v Navistar Intl. Corp.*, 293 AD2d 931 [3d Dept 2002]).

In opposition, plaintiff failed to raise an issue of fact as to the defectiveness of the low-pressure switch. His expert's assertion that it was the switch that failed (11 years after the elevator was installed) provides no evidentiary basis for inferring that the switch was defective at the time it left Minnesota's hands (*see Steckal v Haughton El. Co.*, 59 NY2d 628 [1983]).

However, plaintiff raised issues of fact whether the shim was defective and a cause of the accident and whether there was a failure to warn. Plaintiff's expert opined that the cracked shoe caused the elevator car to get wedged in the hoistway in the manner that plaintiff described, and a Minnesota engineer involved in the design of the elevator acknowledged that the car could come out of the rails and get hung up if a guide shoe cracked while the elevator was descending. The engineer also testified that, after a previous instance in which a similar guide shoe by the same manufacturer had cracked because bolts had been over-tightened, Minnesota had redesigned the shim in 2003 to prevent the guide shoe from cracking because of over-tightening of the bolts, but had made no effort to notify customers whose elevators had the older shims.

The elevator was not a safety device within the meaning of Labor Law § 240 (1) (*Kleinberg v City of New York*, 61 AD3d 436 [1st Dept 2009]). Plaintiff's reliance on *McCrea v Arnlie Realty Co. LLC* (140 AD3d 427 [1st Dept 2016]) is unavailing. In that case, the elevator on which the plaintiff was engaged in repair work fell onto the plaintiff because it had not been secured. In this case, plaintiff was inside the elevator, riding up and down to test it. To the extent plaintiff may have been engaged in "repair" within the meaning of Labor Law § 240 (1), the statute does not apply, because any securing device would have defeated the purpose of his work by precluding him from riding the elevator (*see Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 139-140 [2011]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.