Booth v Otis El. Co. (2021 NY Slip Op 06433)





Booth v Otis El. Co.


2021 NY Slip Op 06433


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 158604/17 Appeal No. 14641 Case No. 2021-01131 

[*1]Patricia A. Booth et al., Plaintiffs-Respondents,
v
Otis Elevator Company, Defendant-Appellant, Memorial Sloan-Kettering Cancer Center, Defendant.


Wiggin and Dana LLP, New York (David R. Roth of counsel), for appellant.
O'Donnell & Fox, P.C., New York (Thomas O'Donnell of counsel), for respondents.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about February 1, 2021, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Otis Elevator Company (Otis) for summary judgment dismissing the strict products liability cause of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Otis.
Plaintiff Patricia Booth was injured when she was knocked to the ground when the doors to an elevator closed as she was attempting to enter the elevator; Otis had modernized the elevator eight years earlier. Otis established prima facie entitlement to summary judgment dismissing the strict products liability claim by submitting evidence that the elevator door at issue was not defective (see Versace v 1540 Broadway L.P., 148 AD3d 483 [1st Dept 2017]; see also Haynes v Estate of Goldman, 62 AD3d 519, 521 [1st Dept 2009]).
In opposition, plaintiff failed to raise a triable issue of fact. Crediting the testimony of plaintiff's daughter that she was holding the door open button and that plaintiff had crossed the elevator threshold when the doors began to close, this establishes nothing more than a malfunction at the time of the accident, which is insufficient to maintain a strict products liability cause of action (see Steckal v Haughton El. Co., 59 NY2d 628, 629 [1983]; Fernandez v Otis El. Co., 4 AD3d 69, 74 [1st Dept 2004]). The fact that Otis "both supplied the elevator and serviced it after installation would not impose upon [it] strict liability for a defect which developed after installation was completed" (Steckal, 59 NY2d at 629).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021